IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

DEC 2 1 2005

Michael N. Milby, Clerk of Court

| | |
|---|---|
| ALFRED EARL GAINES, § | |
| TDCJ-CID # 453999, § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-04-3274 |
| § | |
| DOUGLAS DRETKE, § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Alfred Earl Gaines, a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeding *pro se* and *in forma pauperis*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 parole revocation. Respondent filed an amended motion for summary judgment (Docket Entry No. 21), to which petitioner filed a response (Docket Entry No. 23).

After consideration of the pleadings, the motion and response, the relevant records, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment and **DISMISSES** this case.

### I.   BACKGROUND AND PROCEDURAL HISTORY

The record shows that in 1986 and 1987, petitioner pleaded guilty to aggravated kidnaping and burglary with intent to commit theft in Harris County, Texas, and was sentenced to two concurrent twenty-year sentences. He was placed on mandatory supervision in August of 1999, and was required to comply with the general and special conditions of release appearing on his certificate of mandatory supervision and related

parole documents. *Ex parte Gaines*, Application No. 58,258-02, pp. 34-44. Among these conditions were those requiring petitioner to register as a sex offender (special condition M), to obtain written permission prior to changing his residence (general condition 3), and to comply with the Super-Intensive Supervision Program (SISP) (special condition O). *Id.*

Petitioner's parole was revoked in October, 2002 because he changed his place of residence without authorization, failed to comply with special conditions of mandatory supervision, and failed to comply with the SISP daily activity schedule rule. *Id.*, pp. 35, 54. Petitioner also was charged with failing to register as a sex offender, but the revocation hearing officer specifically declined to find such violation, and a similar criminal charge was dismissed by the trial court. (Docket Entry No. 2, exhibit.)

Petitioner filed one relevant application for state habeas relief on March 28, 2003, which was denied by the Texas Court of Criminal Appeals without a written order on April 6, 2005. *Ex parte Gaines*, at cover.

Petitioner filed this federal habeas petition on August 11, 2004, asserting that because the state trial court found he was not required to register as a sex offender, special condition M of his parole was void and unenforceable, rendering the remainder of his parole conditions void and unenforceable. He contends that because the conditions were void and unenforceable, the revocation of his parole for violation of those conditions was improper. Petitioner requests this Court to reinstate the two years and ten months of "street" time he spent on parole prior to its wrongful revocation in 2002.

2

Respondent argues that petitioner's habeas grounds are time-barred, unexhausted, and/or fail as a matter of law.

## II. ANALYSIS

### A. Improper condition of parole

Petitioner complains that the parole board improperly required him to register as a sex offender. Respondent argues that this ground is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is applicable to this petition. AEDPA establishes a one-year statute of limitations for seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. 28 U.S.C. §§ 2244(d)(1)(A)-(D). Only subparagraph (D) applies to petitioner's claim, and the Court will calculate the one-year statute of limitations from the date the facts supporting the claims raised in this petition became known or could have become known to petitioner through the exercise of due diligence.

3

Petitioner's pleadings show that he was given a copy of his certificate of mandatory supervision in August of 1999, and that he refused to sign it. (Docket Entry No. 7.) The record shows that petitioner initialed parole disclosures requiring him to register as a sex offender and complete a sex offender treatment program. *Ex parte Gaines*, p. 43. Accordingly, petitioner could or should have learned through the exercise of due diligence of the allegedly erroneous special condition at that time, and the one-year limitation commenced in August of 1999 and expired one year later in August of 2000. Petitioner did not file an application for state habeas relief until March 28, 2003, after his parole was revoked. His state habeas application did not toll limitations, as it was filed after limitations had expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). No basis for application of any statutory or equitable tolling provision under AEDPA is alleged or shown, and this ground for habeas relief is time-barred.

B.  <u>Improper parole revocation for failure to comply with conditions</u>

Petitioner's 1999 mandatory supervision also required him to comply with special condition "O," the SISP. *Ex parte Gaines*, pp. 34-36, 40. Petitioner specifically agreed under section C of the SISP conditions that, "I shall comply with my daily activity schedule, as directed and documented by my parole officer, twenty-four (24) hours a day, seven (7) days a week." *Id.*, p. 41. Under rule number 3 of his general conditions, petitioner also was obligated to obtain prior written authorization from his parole officer before changing his place of residence. *Id.*, p. 35.

4

Petitioner complains that his parole was revoked in October 2002 because he violated the daily activity schedule rule and changed his place of residence without authorization. The hearing report processing sheet from the revocation hearing reflects that petitioner admitted he violated these two provisions. *Ex parte Gaines*, p. 49. Petitioner contends, however, that because the sex offender registration condition was improperly imposed on him, all conditions and rules of his mandatory supervision were void and unenforceable.

Petitioner did not raise this issue in state court, and it is unexhausted. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Because Texas would preclude a successive state habeas claim, the claim is procedurally barred for failure to exhaust. *See* TEX. CODE CRIM. PROC. art. 11.071 § 5(a). Nothing in the record suggests that the state court would apply an exception to the abuse-of-the-writ doctrine to address petitioner's claim on the merits. Federal habeas relief will not be granted on a procedurally defaulted claim unless the petitioner can demonstrate both good cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Here, petitioner has neither shown, nor even argued, the existence of factual grounds for application of an exception, and the Court is barred from consideration of his argument. *See Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997). Even assuming this argument were squarely before the Court, it has no merit. The special conditions "L," "M," and "O" were listed as separate conditions of mandatory supervision, with independent descriptions and requirements. *Ex parte Gaines*, pp. 34-44. That the state trial court may have indirectly negated the sex offender registration condition

did not render the remaining conditions of mandatory supervision void or unenforceable.

## III.  CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 21) is **GRANTED**, and this habeas action is **DISMISSED WITH PREJUDICE**. Any other pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 20th day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE